UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

**TRUDY ERDMAN, on her own behalf
and on behalf of those similarly situated,**         CASE NO.: 2:20-CV-1366

      **Plaintiffs,**

vs.

**HQ RESOURCES, INC.,**

      **Defendant.**                                              /

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, TRUDY ERDMAN,[1] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, by and through undersigned counsel, hereby moves for the entry of a Final Default Judgment against Defendant, HQ RESOURCES, INC. ("HQR"), and in support thereof states:

**FACTUAL BACKGROUND**

1. Plaintiff worked for Defendant HQR as an hourly paid Software Trainer. D.E. 1, at ¶ 21; Declaration of Trudy Erdman, at ¶¶ 5-6, attached as **Exhibit "A."**

2. Plaintiff worked for Defendant from February 2018 to March 2018 and was paid $50.00 per hour. Ex. A, at ¶ 6; *see also* Payroll Register attached as **Exhibit "B."**

---

[1] Plaintiff originally filed this Complaint on behalf of herself and as a putative collective action on behalf of similarly situated employees. However, Plaintiff's Motion for Default Judgment only seeks individual relief.

1

3. According to Plaintiff's Payroll Register, her hire date was February 26, 2018 and her term date was March 27, 2018, but Plaintiff asserts she performed worked for Defendant for only two weeks. Ex. A, at ¶ 9.

4. Plaintiff alleges that during her employment with Defendant she regularly worked over forty (40) hours per week but did not receive complete and proper overtime compensation. D.E. 1, at ¶¶ 28-29; Ex. A, at ¶¶ 11-12.

5. Specifically, Plaintiff did not receive the additional half-time premium for overtime hours worked. D.E. 1, at ¶ 29, Ex. A., at ¶¶ 11-12.

6. Therefore, on September 11, 2020, Plaintiff filed a Complaint for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). D.E. 1.

7. Plaintiff's Complaint adequately alleges that Defendant is covered by the provisions of the FLSA. *Id.* at ¶¶ 15-18.

8. Plaintiff also adequately alleges that Defendant's actions were willful. *Id.* at ¶¶ 31-33; *Reich v. Gateway Press*, 13 F.3d 685, 702 (3d Cir. 1994) (to support a finding of willfulness, Plaintiff need only show that Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]").

9. On September 22, 2020, Defendant was served with a summons and a copy of the Complaint. D.E. 4.

10. On October 30, 2020, after Defendant failed to appear or otherwise defend themselves, Plaintiff filed a Motion for Clerk's Default against Defendant for failure to serve or file any paper required by law. D.E. 6.

11. On November 3, 2020, the Clerk entered a Default against Defendant for failing to plead or otherwise defend themselves. D.E. 10.

12. As of the filing of the instant Motion, Defendant has not retained counsel, filed any motion or pleading in response to the entry of default, and has not defended this action as required by law. Accordingly, Plaintiff now requests a Default Final Judgment in her favor and against Defendant.

13. Where a party is in default the Court should accept the plaintiff's allegations of fact, except those relating to damages, as true. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).

14. Attached hereto as Exhibit "A" is the declaration of Ms. Erdman evidencing the amount of wages she is owed. Based on the hours worked and the compensation received, Ms. Erdman is owed $850.00 in overtime compensation. Ex. A, ¶ 12.

15. Plaintiff is entitled to liquidated damages in an amount equal to her unpaid wages. 29 U.S.C. §216(b). Accordingly, Ms. Erdman is entitled to $850.00 in liquidated damages.

16. Therefore, Ms. Erdman is entitled to a total amount of $1,700.00.

17. An additional element of Plaintiff's claims is the recovery of attorneys' fees and costs. Specifically, 29 U.S.C. §216(b) authorizes an award of attorneys' fees

and costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA. The award of Default Judgment against Defendant will make Plaintiff the prevailing party in this litigation.

18. A prevailing plaintiff's fee in an FLSA matter is mandatory. *See* 29 U.S.C. § 216(b) (in an action under the FLSA, the court "**shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added).

19. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). "The result of this computation is called the lodestar. The lodestar is strongly presumed to yield a reasonable fee." *Id.*

20. Pursuant to the lodestar analysis, "time expended is considered 'reasonable' if the work performed was 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Pennsylvania v. Del. Valley Citizens' Counsil for Clean Air*, 478 U.S. 546, 560-561 (1986). Attached to this Motion as **Exhibit "C"** is the Affidavit of Plaintiff's Counsel, Jolie N. Pavlos, Esq. The Affidavit contains a certification that the Affiant has fully reviewed the time records that support data for the Affidavit, and that the hours claimed are well grounded and in fact justified. The firm's

4

time records show that 12.3 hours of attorney time was spent in the prosecution of this matter. (Attached as **Exhibit "D"** is Plaintiff's Counsel's time records).

21. A reasonable hourly rate is calculated "according to the prevailing market rate in the community." *Washington,* 89 F.3d at 1035. The fee schedule established by Community Legal Services, Inc. ("CLS") "has been approvingly cited by the Third Circuit as being well developed . . . and a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001). A copy of the current CLS fee schedule can be found at https://clsphila.org/about-community-legal-services/attorney-fees/ and is attached as **Exhibit "E."** Plaintiff's counsel is seeking an hourly rate of $275 per hour which, for the reasons explained more fully below, is in line with the fee schedule provided by CLS and otherwise a fair reflection of the prevailing market rate for attorneys with comparable skill, experience, and reputation.

22. Plaintiffs have also incurred $468.00 in awardable costs of filing fees and service of process charges. *See Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 116CV08772NLHAMD, 2018 WL 1027446, at *5, n. 6 (D.N.J. Feb. 23, 2018). Attached as **Exhibit "F"** is Plaintiff's Counsel's cost ledger.

23. By executing this Motion, counsel for Plaintiff certifies that she has fully reviewed the records and supporting data in support of such Motion and that this Motion is well grounded in fact and justified.

## MEMORANDUM OF LAW

### I. Standard of Review

"Once a defendant is adjudicated to be in default, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Morgan v. RCL Mgmt., LLC*, No. 18-CV-0800, 2020 WL 3429444, at *1 (E.D. Pa. June 23, 2020) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 58 (1998); *Thompson v. Wooster*, 114 U.S. 104, 111 (1885)). "The plaintiff bears the burden of proving that they are entitled to recover damages and must substantiate the amount, such as through affidavits or other appropriate evidence." *Id.* (citing *Punter v. Jasmin Int'l Corp.*, No. 12-7828, 2014 WL 4854446, at *3 (D.N.J. Sept. 30, 2014); *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 894 (3d Cir. 1975)). The Court may hold a hearing to determine the amount of damages; however, a hearing is not necessary where Plaintiff's proofs submitted in support of her motion for default judgment adequately establishes her damages. *See Qu Wang*, 2018 WL 1027446, at *4 (citing *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (other citation omitted) (explaining that "to recover overtime compensation under the FLSA, an employee . . . must show the amount and extent of his overtime work as a matter of just and reasonable inference," and in light of the FLSA's remedial purposes, an employee can meet his burden to establish that he performed work for which he was not properly compensated "through estimates based on his own recollection").

**II.     Defendant is Liable for Plaintiff's Damages.**

Under the FLSA, generally, employers are required to pay their employees at least time and one-half their regular rate for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. As established by the Third Circuit, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (citations omitted). "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In defaulting, the Defendant here has admitted that Plaintiff worked for Defendant as an hourly paid employee. D.E. 1, at ¶¶ 8, 21. Defendant also admitted that they are covered by the FLSA. *Id.* at ¶¶ 15-18. Additionally, Defendant admitted that Plaintiff regularly worked over forty (40) hours per week and that they failed to pay Plaintiff proper overtime compensation for all hours worked over forty (40) each week. *Id.* at ¶¶ 20, 28-30.

In light of the foregoing, Plaintiff has established each of the elements necessary to prove Defendant violated the FLSA. She has established (1) she employed by Defendant; (2) she is/was an employee covered by the FLSA; (3) as a result of being covered by the FLSA, she was entitled to overtime compensation; (4) she worked overtime hours; (5) she was not paid overtime compensation for all overtime hours worked; and (6) Defendant's actions were willful. As such, Plaintiff has established that

Defendant is liable for failure to comply with the FLSA, and is obligated to pay her damages for said violations.

### III. Plaintiff's Damages.

#### A. Plaintiff's Unpaid Overtime Compensation

The Third Circuit has established that where "the employer's records are inadequate, the employee need only introduce enough evidence to support a reasonable inference of hours worked." *Williams v. Tri-Cty. Growers, Inc.*, 747 F.2d 121, 128 (3d Cir. 1984). In light of the remedial purposes of the FLSA, plaintiffs can satisfy this burden "through estimates based on his own recollection." *Qu Wang*, 2018 WL 1027446, at *4 (citing Davis, 765 F.3d at 241); *see also Haluska v. Advent Commc'ns, Inc.*, No. 2:13-CV-1104, 2014 WL 5823105, at *4 (W.D. Pa. Nov. 10, 2014).

In this case, Plaintiff has submitted an affidavit detailing the amount and extent of the work she performed for Defendant for which she was not properly compensated. *See* Ex. A. Plaintiff has further included a copy of her Payroll Register in support of the same. *See* Ex. B. Specifically, Plaintiff worked for Defendant for approximately two (2) weeks. *See* Ex. A, at ¶ 9. She worked approximately fifty-seven (57) hours per week. *Id.* at ¶ 10. In each week, Plaintiff should have received her hourly rate of $50.00 per hour plus an additional $25.00 per hour for all overtime hours worked. However, Defendant did not pay Plaintiff the additional $25.00 per hour for each overtime hour worked, *id.* at ¶ 11, thereby entitling Plaintiff to a total of $850.00 in unpaid overtime compensation (2 weeks x 17 overtime hours per week x $25.00 per overtime hour). *Id.* at ¶ 13.

B.   *Plaintiff's Liquidated Damages.*

Any employer who violates the overtime and minimum wage provisions of the FLSA "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b)). The Court, in its sound discretion, may withhold or reduce the amount of liquidated damages but only if "**the employer** shows . . . that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Brooks v. Vill. of Ridgefield Park*, 185 F.3d 130, 137 (3d Cir. 1999) (emphasis added). If the employer fails to comply with the proof requirements, an award of liquidated damages is "mandatory." *Id.* at 133.

In this case, in failing to answer the Complaint, not only has Defendant failed to demonstrate good faith but in fact has admitted that they did not have a good faith basis for their failure to comply with the FLSA, and this failure to comply was intentional and willful.  D.E. 1, at ¶¶ 31-33. As such, Defendant is liable to pay liquidated damages in an additional amount equal to the amount of Plaintiff's unpaid wages—or $850.00. Due to the fact that Plaintiff has presented sufficient evidence to show the amount of work performed and the amount of damages owed by virtue of her affidavits, no hearing is necessary.

C.   *Plaintiffs' Attorneys' Fees and Costs.*

29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing Plaintiff in any proceeding to enforce the overtime and minimum wage

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. In such cases, a prevailing plaintiff's attorney's fee is mandatory. *See id.* ("The court in such action **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.) (emphasis added). In order to have "finally prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607 (2001). The instant case was a proceeding to enforce the provisions of the FLSA. Therefore, should this Court grant a Default Judgment against Defendant, Plaintiff will be the prevailing party in this matter and an award for her attorneys' fees and costs incurred is mandatory.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). "The result of this computation is called the lodestar. The lodestar is strongly presumed to yield a reasonable fee." *Id.* Pursuant to the lodestar analysis, "time expended is considered 'reasonable' if the work performed was 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Pennsylvania v. Del. Valley Citizens' Counsil for Clean Air*, 478 U.S. 546, 560-561 (1986).

Applying this rubric to the instant case, the result weighs in favor of the hours

claimed by Plaintiff's counsel. The time records for Jolie Pavlos, Esq. show that the Morgan & Morgan Law Firm expended 12.3 hours of attorney time. There are no examples of excessive time being spent on specific tasks; all tasks in the attorney fees affidavit are for work which would be normally billed to a paying client; there are no duplicated services; and none of the time billed was nonproductive.  As such, the hours sought by Plaintiff's Counsel are reasonable.

Regarding the reasonableness of the hourly rate, a reasonable hourly rate is calculated "according to the prevailing market rate in the community." *Washington,* 89 F.3d at 1035. The fee schedule established by Community Legal Services, Inc. ("CLS") "has been approvingly cited by the Third Circuit as being well developed . . . and a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001). According to the current CLS fee schedule, a reasonable rate for an attorney with two (2) to five (5) years of experience is between $230 and $275 per hour.

In the instant case, Plaintiff is being represented by the undersigned counsel who is seeking an hourly rate of $275 per hour for work performed in this case. Among other qualifications, which are fully detailed in the affidavit attached as Exhibit "C," Plaintiff's Counsel is an experienced employment attorney in one of the largest plaintiffs firms in the country, exclusively representing employees in discrimination and wage claims. *See* Ex. C, at ¶ 7. Additionally, Plaintiff's Counsel has been a licensed attorney for over four years, placing Plaintiff's years of experience towards the higher end of the bracket

outlined by the CLS fee schedule. *See id.*, at ¶¶ 5, 10-11; Ex. E.  As such, the hourly rate requested in this case for Plaintiff's Counsel is reasonable.

In total, Plaintiffs have incurred $3,382.50 in attorneys' fees in litigating this case. *See* Ex. D. Plaintiffs have also incurred taxable costs of $468.00 (filing fees and service of process). *See* Ex. E. By executing this Motion, counsel for Plaintiff certifies that she has fully reviewed the supporting data in support of such Motion and that this Motion is well grounded in fact and is justified. Respectfully, the total awarded for Morgan & Morgan, P.A. should be $3,850.50, in attorneys' fees and costs.

## CONCLUSION

WHEREFORE, Plaintiff, TRUDY ERDMAN, requests the entry of a Final Judgment in her favor and against Defendant, HQ RESOURCES, INC., in the following amounts:

1. Trudy Erdman: $1,700.00.

2. Morgan & Morgan, P.A.: $3,850.50.

and for any other relief that is just and appropriate.

Respectfully submitted this 12th day of  May 2021.

/s/Angeli Murthy
Angeli Murthy, Esquire
PBN: 93699
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile:  (954) 327-3016
E-mail: amurthy@forthepeople.com

/s/ Jolie N. Pavlos *(Admitted Pro Hac Vice)*
Jolie N. Pavlos, Esq.

FBN 0125571
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email:  jpavlos@forthepeople.com
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of May 2021, I filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing has been furnished via regular U.S. mail to the following: HQ RESOURCES, INC., 2824 Boudinot Street, Philadelphia, PA 19134.

/S/ JOLIE PAVLOS
Jolie Pavlos, Esquire